UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAROLD E. PRINE**

    **Plaintiff,**

v.

**ZAKHEIM & ASSOCIATES,**
**P.A., a Florida professional association,**

    **Defendant.**
_____/

**CASE NO.:_____**

**VERIFIED COMPLAINT**
**FOR UNLAWFUL DEBT**
**COLLECTION PRACTICES**

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Harold E. Prine, by and through the undersigned law firm and sues Defendant, Zakheim & Associates, P.A., a Florida professional association, and alleges, upon knowledge as to Plaintiff's self and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

3. Venue is proper in this District because the acts, transactions and occurrences giving rise to this cause of action occurred here, the Plaintiff resides here, and the Defendant transact business here.

## PARTIES

4. Plaintiff, Harold E. Prine ("Plaintiff"), is a natural person who is a resident of the City of Lakeland, County of Polk, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

5. Defendant, Zakheim & Associates, P.A. ("Collector Lawyers" or "Collector Defendant"), is a Florida professional association doing business in the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6) and Fla. Stat. §559.55(6) and a "person" as that term is defined by Fla. Stat. § 559.72.

6. All conduct of Collector Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Collector Defendant, and/or Collector Defendant knew in advance that the representatives were likely to so conduct themselves and allowed to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was knowing, intentional, despicable, fraudulent, oppressive, and done with malice.

7. At all times mentioned herein, the agent(s) or employee(s) of Collector Defendant was acting within the course and scope of such agency or employment and was acting with the consent, permission, authorization, and direction of Collector Defendant.

## FACTUAL ALLEGATIONS

8. Commencing February 2009, Prine began receiving form collection letters from the Collector Lawyers demanding payment of a debt allegedly owed to Bank in the amount of $16,500.62 for account number ending 2620 (the "Alleged Debt").

9. The following series of communications between Collector Lawyers and Plaintiff then took place (**Composite Exhibit "A"**):

a. 02/19/09 – Letter from Collector Lawyer – Advising of 30 days to dispute debt (the "First Form Collection Letter").

b. 03/25/09 – Sent letter from Plaintiff to Collector Lawyers disputing claim in its entirety, sent first class, return receipt and faxed (the "Validation Letter").

c. 03/27/09 – Certified return receipt signed by: Patricia Mortilla at Collector Lawyer's office (the "Validation Letter Return Receipt").

d. 05/19/09 – Received summons and service of complaint from Collector Lawyers to collect Alleged Debt (the "Subsequent Collection Activity").

10. The Alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692 *et seq.* AS TO COLLECTOR DEFENDANT COLLECTOR LAWYERS

11. This is an action against Collector Lawyers for violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

12. Plaintiff re-alleges and incorporates paragraphs one (1) through ten (10), as if fully set forth herein.

13. The principal business of Collector Lawyers is the collection of debts and Collector Lawyers regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

14. The Alleged Debt alleged to be due and owed to Bank is a "consumer debt," as defined by 15 U.S.C. §1692a(5), in that some or all of the debt is an obligation allegedly incurred by Plaintiff, for personal, family, or household purposes.

15. 15 U.S.C. § 1692d provides, in pertinent parts, as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section...

16. Collector Lawyers violated 15 U.S.C. § 1692d when it sent the Subsequent Collection Activity to Plaintiff attempting to collect an Alleged Debt after validation had been requested by Plaintiff through the Validation Letter, while validation had not been provided to Plaintiff by Collector Lawyers, which is conduct with the natural consequence to harass, oppress and abuse Plaintiff.

17. Defendant further violated 15 U.S.C. § 1692d by (1) misrepresenting and deceiving in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

18. 15 U.S.C. § 1692e provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. Defendant violated 15 U.S.C. § 1692e where (1) misrepresenting and deceiving in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice; all of which is the use of a false, deceptive or misleading representation or mean in connection with the collect of the Alleged Debt.

20. 15 U.S.C. § 1692e(2)(A) provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section

(2) The false representation of—

(A) the character, amount or legal status of any debt;

21. Collector Lawyers, through the Subsequent Collection Activity, attempted to collect the Alleged Debt by false, deceptive, or misleading representations or means in connection with the collection of the Alleged Debt by falsely and deceptively misrepresenting and maintaining that Collector Lawyers had not received the Validation Letter and could continue to attempt to collect the Alleged Debt after Plaintiff had requested validation through the Validation Letter within 30 days of the First Form Collection Letter pursuant to 15 U.S.C. § 1692g and while validation had not been provided by Collection Lawyers; all of which are false representations of the legal status as collectable during that period of time in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendant further violated 15 U.S.C. § 1692e (2) (A) by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

23. 15 U.S.C. § 1692e(10) provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

24. By sending the Subsequent Collection Activity, Collector Lawyers intended to and did give the false representation that the Alleged Debt could be collected when it could not, due to the receipt of the Validation Letter within 30 days, all in violation of 15 U.S.C.§ 1692e(10).

25. Defendant further violated 15 U.S.C. § 1692e(10) by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

26. 15 U.S.C. § 1692f provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

27. Collector Lawyers is using unfair and unconscionable means to collect the Alleged Debt in violation of 15 U.S.C. § 1692f, through the Subsequent Collection Activity, by Collector Lawyers falsely and deceptively misrepresenting and maintaining that Collector Lawyers could continue to attempt to collect the Alleged Debt after Plaintiff had requested validation through the Validation Letter within 30 days of the First Form Collection Letter pursuant to 15 U.S.C. § 1692g and while validation had not been provided by Collector Lawyers.

28. Defendant further violated 15 U.S.C. § 1692f by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

29. 15 U.S.C. § 1692(g) provides, in pertinent part, as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. Collector Lawyers violated 15 U.S.C. § 1692g when, after Plaintiff sent the Validation Letter, Collector Lawyers thereafter sent the Subsequent Collection Activity without ever validating the Alleged Debt; and Collector Lawyers never did validate the Alleged Debt. This activity also confused and overshadowed the 15 U.S.C. § 1692g notice, rendering it inoperable.

31. 15 U.S.C. § 1692c(a)(1) provides, in pertinent part, as follows:

(a) Communication with the consumer generally
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

32. Collector Lawyers violated 15 U.S.C. § 1692c(a) (1) by sending the Subsequent Collection Activity to Plaintiff falsely and deceptively misrepresenting and maintaining that Collector Lawyers could continue to attempt to collect the Alleged Debt after Plaintiff had requested validation through the Validation Letter within 30 days of the First Form Collection

Letter pursuant to 15 U.S.C. § 1692g and while validation had not been provided by Collection Lawyers; which was communication with Plaintiff without Plaintiff's consent that, because of the protection to Plaintiff provided by 15 U.S.C. § 1692g prohibiting such communication, was known or should have been known to be inconvenient to Plaintiff.

33. Defendant further violated 15 U.S.C. § 1692c(a) (1) by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

34. As a result of Collector Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to: (a) actual damages pursuant to 15 U.S.C. §1692k(a)(1); (b) statutory damages pursuant to 15 U.S.C. §1692k (a)(2)(A) and (B); and, (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

35. All conditions precedent to the maintenance of this action, have been performed, have occurred, or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Collector Defendant in his favor finding that Collector Defendant has violated the FDCPA; awarding Plaintiff his actual damages, statutory damages, attorneys' fees and cost, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FCCPA, Fla. Stat. § 559.55 *et seq.*, AS TO COLLECTOR DEFENDANT COLLECTOR LAWYERS

36.     This is an action against Collector Lawyers for violations of the FCCPA, Fla. Stat. § 559.55 *et seq.*

37.     Plaintiff re-alleges and incorporates paragraphs one (1) through ten (10), as if fully set forth herein.

38.     The Alleged Debt alleged to be due and owed to Bank is a "consumer debt," as defined by Fla. Stat. §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff, for personal, family, or household purposes.

39.     Collector Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

40.     Collector Defendant communicated certain information to Plaintiff in their Form Collection Letter, as set forth in the above paragraph 8, which constitutes "communication," as defined by Fla. Stat. §559.55(5).

41.     Fla. Stat. § 559.72 provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:

(7)... Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family

42.     Defendant knew that their intentional, willful and impermissible collecting or attempting to collect the Alleged Debt through the use of the Subsequent Collection Activity, by falsely and deceptively misrepresenting and maintaining that Collector Lawyers could continue to attempt to collect the Alleged Debt after Plaintiff had requested validation through the Validation Letter within 30 days of the First Form Collection Letter pursuant to 15 U.S.C. §

1692g and while validation had not been provided by Collection Lawyers; and by continuing to attempt to collect the Alleged Debt in a manner that violated 15 U.S.C. § 1692d, § 1692e(2)(A), § 1692e(10), and § 1692c(a)(1), could reasonably be expected to abuse or harass the Plaintiff and such conduct did in fact, abuse and harass Plaintiff.

43. Accordingly, Defendant has violated Fla. Stat. § 559.72(7).

44. Defendant further violated Fla. Stat. § 559.72(7) by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

45. Fla. Stat. § 559.72 provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:

(9) ... Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

46. By willfully and impermissibly continuing to collect the Alleged Debt by falsely and deceptively misrepresenting and maintaining that Collector Lawyers could continue to attempt to collect the Alleged Debt through the Subsequent Collection Activity after Plaintiff had requested validation through the Validation Letter within 30 days of the First Form Collection Letter pursuant to 15 U.S.C. § 1692g and while validation had not been provided by Collection Lawyers; and by continuing to attempt to collect the Alleged Debt in a manner that violated 15 U.S.C. § 1692d, § 1692e(2)(A), § 1692e(10), and § 1692c(a)(1), Defendant improperly asserted the existence of legal rights of Defendant to attempt to collect the Alleged Debt in a manner Defendant could not lawfully collect the Alleged Debt from Plaintiff where Defendant was

asserting the existence of such rights when Defendant knew that such rights to collect the Alleged Debt do not exist; all in violation of Fla. Stat. § 559.72(9).

47. Defendant also attempted to collect the Alleged Debt by asserting the legal right to continue to collect the Alleged Debt in violation of 15 U.S.C. §1692g, through the Subsequent Collection Activity, a legal right which did not exist, and activity which confused and overshadowed the 15 U.S.C. §1692g notice, rendering it inoperable.

48. Accordingly, Defendant has violated Fla. Stat. § 559.72(9).

49. Defendant further violated Fla. Stat. § 559.72(9) by (1) misrepresenting in the First Form Collection Letter that Plaintiff would have 30 days from Plaintiff's receipt of the First Form Collection Letter to request validation and dispute the Alleged Debt when Defendant would not and did not give Plaintiff that amount of time; and (2) violating, confusing, and overshadowing 15 U.S.C. § 1692g and its notice.

50. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendants over a series of multiple weeks as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

51. As a result of Defendant's violations of the FCCPA, Plaintiff has been damaged and is entitled to: (a) actual damages pursuant to Fla. Stat. § 559.77(2); (b) statutory damages pursuant to Fla. Stat. § 559.77(2); (c) punitive damages pursuant to Fla. Stat. § 559.77(2); and, (d) reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

52. All conditions precedent to the filing of this action have occurred, have transpired or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Collector Lawyers in Plaintiff's favor finding that Collector Lawyers has violated the FCCPA;

awarding Plaintiff his actual damages, statutory damages, punitive damages, attorneys' fees and cost, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7 and Fed.R.Civ.P. 38.

Dated: October 19, 2009.

Respectfully Submitted,

**LASH & WILCOX PL**
4006 S. MacDill Ave.
Tampa, Florida 33611
Phone: (813) 832-3100
Facsimile: (813) 832-5205

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
Email: tlash@lashandwilcox.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY HAROLD E. PRINE

STATE OF FLORIDA

COUNTY OF __Polk__

I, Harold E. Prine, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiffs in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Harold E. Prine

The foregoing instrument was sworn to and subscribed before me this __15th__ day of __Oct__, 20__09__, by Harold E. Prine, who is (personally known) to me or has produced _____ (type of identification) as identification.

MARGARET WIER
MY COMMISSION # DD583659
EXPIRES: August 10, 2010
Fl. Notary Discount Assoc. Co.

_____
Notary Public – State of Florida
My Commission Expires: August 10, 2010

Page 13 of 13

**Law Offices of**
**ZAKHEIM & ASSOCIATES**
A PROFESSIONAL ASSOCIATION
1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION, FL 33324

TELEPHONE: (954) 735-4455
FAX: (954) 735-0227
WWW.ZAKHEIMLAW.COM

SCOTT C. ZAKHEIM*
*ALSO MEMBER OF N.Y. BAR
FLYNN LA VRAR
RICHARD BATTAGLINO
SASHA HARO
SABINE MICHEL

February 19, 2009

RE: FIA CARD SERVICES, N.A. / Harold E Prine
Account Number: 4888931995652620
Our File Number: 3000316365

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692: 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-361.

Our law firm is attempting to collect a debt that is owed to FIA CARD SERVICES, N.A. and any information obtained will be used for that purpose. This communication is from a debt collector. At this time no attorney with this firm has personally reviewed the particular circumstances of the account. Should you desire to speak to someone to discuss the possibility of entering into a payment arrangement contact us at 800-531-5490 or visit our website at www.zakheimlaw.com.

In accordance with the above Act, you are further notified of the following information:

1. The amount of the debt: $16,500.62 as of the date of this letter. This amount may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the creditor or pursuant to applicable statute.
2. Name of the creditor to whom the debt is owed: FIA CARD SERVICES, N.A.
3. Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.
4. If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you.
5. We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.

Sincerely,

Zakheim & Associates, P.A.

---

Zakheim & Associates
1045 S University Dr, Ste 202
Plantation, FL 33324-3333
RETURN SERVICE REQUESTED

00362

Account Number: 4888931995652620
Our File Number: 3000316365
Current Balance: $16,500.62

Zakheim & Associates
1045 S University Dr Ste 202
Plantation FL 33324-3333

17517-19  1
Harold E Prine
2405 Parkland Dr
Lakeland FL 33811-2057

**Composite Exhibit "A"**

DD0000KP

## FDCPA LEGAL DISPUTE NOTICE & DEMAND FOR DEBT VALIDATION

Consumer:      Harold E Prine
               2405 Parkland Drive
               Lakeland, FL 33811

Date:          March 25, 2009

Sent:          Via 1st Class Mail w/RR and fax 954-735-0227

Collector:     Zakheim & Associates
               1045 S University Dr, Ste 202
               Plantation, FL 33324

Creditor:      FIA Card Services, NA
Acct. #        4888931995652620
File #         3000316365

## BE ADVISED THAT ALL CALLS MAY BE TAPED

This claim is disputed in its entirety. Demand is made for all documentation affirming the claim you are attempting to collect, pursuant to the FDCPA and 15 USC §1643 (B) Burden of Proof.

**Validation** must include copies of agreements containing my signature, a copy of all statements and charges. An explanation of late charges, fees and interest rates charged. Copies of any arbitration agreement in effect, the name of the original creditor and each subsequent owner/holder/servicer of this alleged claim. Provide me with the contact information for all persons who sign, notarize or provide documents used for debt validation. Junk Debt Buyers/Collectors must provide proof of and chain of ownership or they will not be recognized as valid.

**Compliance:** Send me documentation that shows your compliance with licensing and bonding requirements in my state and in your state as illegal collectors are subject to possible litigation.

**Reporting** the claim to any credit-reporting agency is construed as a resumption of collecting, a violation of the FDCPA, with possible legal and FCRA consequences.

**Privacy:** No information regarding this account or me may be reported, shared, disclosed, sold, or made available to any individual or entity by you, without my implicit written permission.

**Contact:** Do not call me where I work as it interferes with my job and I choose not to receive calls there. Never interfere with my neighbors, family, co-workers and friends.

If you cannot legally validate the claim **DELETE** all information from credit bureau files and notify me. Your failure to respond may result in additional remedies and actions to enforce compliance, including ethics charges against debt collection attorneys with their respective state bar.

NOTICE: This is an attempt to gain compliance with debt collection and credit reporting law. Any information obtained will be used for that purpose. All calls to and from you relating to debt collection activity are subject to being telephonically recorded to insure FDCPA compliance. Debt collection and credit reporting violations are referred to consumer law professionals for prosecution. Debt collectors who violate the law can be identified by subpoena and held accountable for their actions in accordance with my state laws.

Copyright©2008 American Credit System. All Rights Reserved